# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; GINA MCCARTHY, in her official capacity as Administrator of the United States Environmental Protection Agency, <br><br> Defendants. | Case No. 16-cv-1251 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## INTRODUCTION

1. Plaintiff Natural Resources Defense Council (NRDC) brings this case to compel Defendants to protect public health by limiting the levels of perchlorate—a chemical commonly used in rocket fuel, fireworks, and explosives—that may lawfully occur in public drinking water.

2. Even at low levels, perchlorate contamination in drinking water may be harmful to human health. Exposure is particularly dangerous for infants, young children, and pregnant mothers, and may cause developmental delays, reduced growth, and impaired learning capabilities.

3. Pursuant to the Safe Drinking Water Act, 42 U.S.C. § 300f *et seq.*, Defendants—the United States Environmental Protection Agency and Gina

McCarthy in her official capacity as Administrator (collectively, EPA)—are responsible for ensuring the safety of public drinking water systems.

4. Five years ago, on February 11, 2011, EPA determined that perchlorate poses a threat to human health that could meaningfully be reduced by regulating its presence in public drinking water.

5. EPA's determination triggered a mandatory duty under the Safe Drinking Water Act for EPA to propose and publish regulations limiting perchlorate in public drinking water supplies.

6. Once EPA has determined to regulate a new chemical under the Act, it must issue a proposed regulation for that chemical "not later" than twenty-four months after making the determination to regulate, and must issue a final regulation within eighteen months thereafter. 42 U.S.C. § 300g-1(b)(1)(E).

7. EPA had a mandatory duty to propose perchlorate regulations no later than February 11, 2013, and a mandatory duty to finalize those regulations no later than August 11, 2014.

8. EPA has neither proposed nor finalized any limits on perchlorate in drinking water.

9. These failures violate express statutory deadlines contained in the Safe Drinking Water Act and jeopardize human health.

10. NRDC therefore seeks declaratory and injunctive relief against EPA for failure to fulfill the agency's nondiscretionary duties under the Act. NRDC asks this

Court to compel EPA to issue the perchlorate regulations required by 42 U.S.C. § 300g-1(b)(1)(E).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to federal question jurisdiction, 28 U.S.C. § 1331, and the citizen suit provision of the Safe Drinking Water Act, 42 U.S.C. § 300j-8(a)(2), because plaintiff NRDC asserts claims against EPA under that Act.

12. This Court has authority to issue declaratory relief pursuant to 28 U.S.C. §§ 2201-2202.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1)(C) because NRDC resides in this judicial district.

14. By letter dated November 24, 2015, and delivered November 30, 2015, NRDC provided EPA with written notice, pursuant to 42 U.S.C. § 300j-8(b)(2), of the statutory violations challenged in this Complaint. A copy of NRDC's notice letter is attached as Exhibit A to this Complaint.

## THE PARTIES

15. Plaintiff NRDC is a national, not-for-profit environmental and public health organization with approximately 300,000 members, including nearly 25,000 members in New York. NRDC engages in research, advocacy, media, and litigation related to protecting public health and the environment. For decades, NRDC has worked to ensure that all Americans have access to safe and affordable drinking water that is free from dangerous contaminants.

16. NRDC brings this action on behalf of its members. NRDC's membership includes individuals and families who drink and cook with water from public drinking water supplies where perchlorate has been detected.

17. NRDC and its members are injured by EPA's failure to comply with its nondiscretionary duty under the Safe Drinking Water Act to regulate perchlorate in drinking water.

18. EPA's failure to comply with the Act has substantially increased the risk that NRDC's members and their children suffer health impacts from perchlorate ingestion.

19. Perchlorate occurs in public drinking water systems across the country, including those that NRDC's members and their families use on a daily basis. EPA itself has concluded that there is, at minimum, a "substantial likelihood" that the frequency and levels at which perchlorate occurs in public drinking water systems constitutes a public health concern. 76 Fed. Reg. 7762, 7765 (Feb. 11, 2011). Nonetheless, the agency has failed for years to regulate the chemical. As a result of this failure to act, NRDC's members and their families continue to consume water from public drinking water supplies where perchlorate has been found. This continued risk of exposure to dangerous doses of perchlorate has substantially increased the probability of serious harm to NRDC's members.

20. NRDC's members and their children ingest water from public drinking water systems on a daily basis—at home, at school, at work, at restaurants, and at

other locations. It would be both highly burdensome and extremely costly for NRDC members to avoid ingesting water from all of these public drinking water sources.

21. NRDC's members are also harmed by their inability to obtain information about the levels of perchlorate that are currently present in their drinking water. While perchlorate has been detected in hundreds of samples from public drinking water systems, EPA does not presently require regular monitoring or reporting for perchlorate. If EPA had fulfilled its duty to regulate perchlorate, NRDC members would be notified whenever perchlorate was detected in their drinking water supplies at unsafe levels. NRDC members would also receive annual updates about whether, and at what levels, perchlorate has been detected in their water supply. If NRDC members had access to this information, they could make informed decisions about potential health risks and take steps to protect their families' health when contamination occurs. EPA's failure to act has deprived NRDC's members of information to which they are entitled.

22. The relief sought in this suit would require EPA to comply with its statutory obligations, and would redress the harm to NRDC's members.

23. Defendant Environment Protection Agency, a federal agency of the United States, is responsible for the implementation and administration of the relevant provisions of the Safe Drinking Water Act.

24. Defendant Gina McCarthy is the Administrator of the Environmental Protection Agency. She is sued in her official capacity.

## STATUTORY AND REGULATORY FRAMEWORK

25. In 1974, Congress passed the Safe Drinking Water Act with the goal of protecting public water systems from contamination.

26. The Act, as amended in 1996, directs EPA to establish national standards for water quality in public drinking water systems by regulating contaminants that may have an adverse effect on human health. *See* 42 U.S.C. § 300f *et seq.*

27. The Act sets forth a mandatory process to guide EPA in determining which contaminants to regulate. The Act requires EPA to publish a list every five years of contaminants that are not already subject to regulation, but that nonetheless are known or anticipated to occur in public water systems. 42 U.S.C. § 300g-1(b)(1)(B)(i)(I).

28. These lists are referred to as "contaminant candidate lists," or "CCLs."

29. The Act further directs EPA to make a final determination as to whether or not to regulate at least five of the contaminants on each contaminant candidate list. 42 U.S.C. § 300g-1(b)(1)(B)(ii)(I).

30. This determination must be based on the agency's analysis of three criteria: (i) whether the contaminant may have an adverse effect on human health; (ii) whether the contaminant occurs or is substantially likely to occur in public water systems with a frequency and at levels that cause a concern for public health; and (iii) whether regulation of the contaminant presents a meaningful opportunity for health risk reduction. 42 U.S.C. § 300g-1(b)(1)(A)(i)-(iii).

31.     If the agency determines that a contaminant meets all three criteria, the agency *must* propose a maximum contaminant level goal and a national primary drinking water regulation "not later than 24 months after the determination to regulate." 42 U.S.C. § 300g-1(b)(1)(E).

32.     If the agency determines that a contaminant meets all three criteria, the agency must also finalize a maximum contaminant level goal and national primary drinking water regulation within eighteen months after proposal. 42 U.S.C. § 300g-1(b)(1)(E). Thus, the agency must publish a maximum contaminant level goal and promulgate a national primary drinking water regulation within forty-two months after the determination to regulate.

33.     Among other things, a national primary drinking water regulation for a contaminant that can be measured in drinking water must specify a "maximum contaminant level."42 U.S.C. § 300g-1(b)(4)(B).

34.     The "maximum contaminant level" is the "maximum permissible level of a contaminant in water which is delivered to any user of a public water system." 42 U.S.C. § 300f(3).

35.     Once a contaminant is regulated under the Safe Drinking Water Act, owners and operators of public water systems must provide customers with information annually about whether, and at what levels, the contaminant has been detected in their drinking water system. 42 U.S.C. § 300g-3(c)(4).

36.     Once a contaminant is regulated under the Act, owners and operators of public water systems must promptly notify customers of all violations of maximum contaminant levels. 40 C.F.R. § 141.201.

## FACTUAL BACKGROUND

37.     Perchlorate is a chemical that is commonly used in rocket fuel, fireworks, and explosives. Perchlorate can also be formed through the degradation of hypochlorite, an agent that is sometimes used as a disinfectant in drinking water. Perchlorate can occur naturally, and has been found in some Chilean fertilizers.

38.     Perchlorate has been used and manufactured in the United States for decades. In particular, perchlorate has been widely used by the military and defense industries.

39.     Perchlorate is highly soluble in water. Perchlorate contamination in soil can move quickly into and through ground and surface water.

40.     Perchlorate has been detected in public drinking water systems across the United States.

41.     Between 2001-2005, monitoring of public water systems detected perchlorate in 637 water samples, including samples in twenty-six states and two U.S. territories. 73 Fed. Reg. 60,262, 60,269 (Oct. 10, 2008).

42.     As many as 16.6 million Americans receive drinking water from public water systems where perchlorate has been detected. 76 Fed. Reg. 7762, 7765 (Feb. 11, 2011).

43.     Perchlorate contamination in drinking water systems poses a threat to human health. When ingested, perchlorate impairs the uptake of iodine into the thyroid gland, which disrupts thyroid hormone production.

44.     Thyroid hormone is critical to many aspects of growth and metabolism. Its role in brain development during pre-natal and post-natal growth is especially vital.

45.     As a result, fetuses, infants, and young children are particularly vulnerable to perchlorate ingestion.

46.     Scientific studies have linked decreased thyroid function in pregnant women, infants, and children to delayed development, reduced growth, and impaired learning capabilities.

47.     Even small reductions in thyroid hormone levels can be associated with abnormal brain development and lower cognitive function in children.

## REGULATORY BACKGROUND

48.     EPA has published three contaminant candidate lists under the Safe Drinking Water Act—CCL 1 in 1998, CCL 2 in 2005, and CCL 3 in 2009. 63 Fed. Reg. 10,274 (Mar. 2, 1998); 70 Fed. Reg. 9071 (Feb. 24, 2005); 74 Fed. Reg. 51,850 (Oct. 8, 2009).

49.     On each list, EPA has identified perchlorate as a candidate for regulation. 63 Fed Reg. at 10,275; 70 Fed. Reg. at 9072; 74 Fed. Reg. at 51,852.

50.     In 2008, EPA published a preliminary regulatory determination not to regulate perchlorate. 73 Fed. Reg. 60,262, 60,265 (Oct. 10, 2008). The agency received almost 33,000 public comments in response to this determination. *See* 76

Fed. Reg. 7762, 7763 (Feb. 11, 2011). In 2009, the agency reopened the public comment period and requested additional comments on alternative approaches to analyzing perchlorate data. 74 Fed. Reg. 41,883 (Aug. 19, 2009). The agency received an additional 6000 comments in response. *See* 76 Fed. Reg. at 7762.

51. On February 11, 2011, after reviewing the nearly 39,000 comments prompted by its earlier proposal, EPA issued a regulatory determination for perchlorate. *Id.*

52. EPA concluded that: (i) perchlorate may have an adverse effect on human health; (ii) perchlorate is known to occur or there is a substantial likelihood that perchlorate will occur in public water systems with a frequency and at levels of public health concern; and (iii) regulation of perchlorate in drinking water systems presents a meaningful opportunity for health risk reductions. *Id.* at 7765.

53. Accordingly, EPA determined that perchlorate meets all three requirements set forth in the Safe Drinking Water Act, and that the agency therefore has a duty to regulate perchlorate. *Id.* at 7763.

54. In the twenty years that have passed since the 1996 Amendments to the Safe Drinking Water Act were enacted, perchlorate is the first and only unregulated contaminant that EPA has made a final determination to regulate.

55. Five years after EPA determined it had a duty to regulate perchlorate, the agency has not proposed a maximum contaminant level goal or a national primary drinking water regulation for perchlorate.

56. Nor has EPA published a final maximum contaminant level goal or promulgated a national primary drinking water regulation for perchlorate.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

57. Plaintiff incorporates by reference all preceding paragraphs.

58. The Safe Drinking Water Act requires EPA to propose a maximum contaminant level goal and a national primary drinking water regulation for a contaminant no later than twenty-four months after the agency makes the determination to regulate that contaminant. 42 U.S.C. § 300g-1(b)(1)(E).

59. In failing to propose a maximum contaminant level goal and a national primary drinking water regulation for perchlorate, EPA violated 42 U.S.C. § 300g-1(b)(1)(E) and failed to perform a nondiscretionary duty, 42 U.S.C. § 300j-8(a)(2).

60. This violation has harmed and continues to harm NRDC's members. EPA should be compelled to comply with 42 U.S.C. § 300g-1(b)(1)(E) without further delay.

### SECOND CLAIM FOR RELIEF

61. Plaintiff incorporates by reference all preceding paragraphs.

62. The Safe Drinking Water Act requires EPA to publish a final maximum contaminant level goal and promulgate a national primary drinking water regulation for a contaminant no later than forty-two months after the agency determines to regulate that contaminant. 42 U.S.C. § 300g-1(b)(1)(E).

63. In failing to publish a maximum contaminant level goal and promulgate a national primary drinking water regulation for perchlorate, EPA violated 42 U.S.C. § 300g-1(b)(1)(E) and failed to perform a nondiscretionary duty, 42 U.S.C. § 300j-8(a)(2).

64. This violation has harmed and continues to harm NRDC's members. EPA should be compelled to comply with 42 U.S.C. § 300g-1(b)(1)(E) without further delay.

## REQUEST FOR RELIEF

NRDC respectfully requests that this Court enter judgment against EPA as follows:

A. Declaring that EPA has unlawfully failed to meet statutory deadlines to propose and publish perchlorate regulations under 42 U.S.C. § 300g-1(b)(1)(E);

B. Compelling EPA to propose a maximum contaminant level goal and a national primary drinking water regulation for perchlorate by a Court-ordered deadline;

C. Compelling EPA to publish a maximum contaminant level goal and promulgate a national primary drinking water regulation for perchlorate by a Court-ordered deadline;

D. Awarding NRDC its costs and reasonable attorneys' fees; and

E. Granting such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Nancy S. Marks
_____
Nancy S. Marks (NM 3348)
Natural Resources Defense Council
40 West 20th Street, 11th Floor
New York, NY 10011
Phone:	(212) 727-4414
Fax:	(212) 727-1773
Email:	nmarks@nrdc.org

*Counsel for Plaintiff*

Dated:	February 18, 2016